UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALCIUS CALIXTE, | ) | CASE NO. 1:11 CV1616 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ERIC HOLDER, ATTORNEY | ) | |
| GENERAL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

      Pro se petitioner Alcius Calixte filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner was incarcerated at the Bedford Heights County Jail in Bedford, Ohio when he filed this petition against Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, Rebecca Adducci, U.S. Immigration and Customs Enforcement (ICE) Field Office District Director, and Office of Chief Counsel as respondents. He seeks immediate release and punitive damages.

*Background*

      Petitioner is a citizen of Haiti. Fearing for his life under the regime of Jean-Claude Duvalier, he fled to the United States some time in the early 1980s. He alleges he became a lawful permanent resident on January 4, 1988.

In the 1990s, Petitioner was arrested, convicted and incarcerated after pointing a gun at a former girlfriend. Upon release from prison, he was taken into custody by the Immigration and Naturalization Service (INS) on April 22, 1993. An Immigration Judge (IJ) ordered Petitioner's removal to Haiti on June 29, 1993. After efforts to remove him were thwarted by the Haitian government, Petitioner returned to Miami, Florida where he was released on parole.

On March 28, 2007, Petitioner was arrested for illegal entry when he arrived in the United States on a boat from Haiti. He claims this charged was dismissed, but the July 21, 1993 charge of reentry of a deported alien in violation of 8 U.S.C. §1326A.F(A)(1) was revived. See United States v. Calixte, No. 0:07-cr-60091(S.D. Fl. filed Apr. 10, 2007); see also 8 U.S.C. §1231(a)(5). After he entered a guilty plea to Count 1 of a Second Superseding Indictment, the court sentenced him on November 7, 2007 to 41 months in prison.

Petitioner's federal sentence ended on April 2, 2010. Upon release from prison, he was taken into custody by ICE as a deportable alien.

Petitioner now raises the following nine issues as claims for relief: (1) the revival of his illegal reentry constitutes double jeopardy; (2) the DHS and IJ lacked subject matter jurisdiction; (3) he has been held an unreasonable length of time; (4) his removal period was improperly calculated; (5) his substantive right to due process was violated; (6) his procedural right to due process was violated; (7) he is not subject to mandatory detention; (8) he has been unable to secure travel documents; and (9) he is entitled to punitive damages.

A document mailed from the Clerk's Office, addressed to Petitioner at Bedford Jail, was returned by the United States Post Office with a notice: "Return to Sender - Vacant - Unable to Forward." (Doc. No. 4.) A review of ICE's "Online Detainee Locator System" failed to reflect that

Petitioner remained in its custody. See https://locator.ice.gov/odls/homePage.do. The Detroit, Michigan ICE Enforcement and Enforcement and Removal Operations (ERO) Field Office later confirmed that Petitioner was deported to Haiti on August 9, 2011.

*Mootness*

Under the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), deporting an alien while his petition for habeas corpus is pending neither deprives the court of jurisdiction over that petition nor does it necessarily render moot the claims in that petition. See United States v. Garcia-Echaverria, 374 F.3d 440, 450 (6th Cir. 2004)(citing 28 U.S.C. § 2241; INA § 306(a)(2), 8 U.S.C.§ 1252). As the Court explained in Spencer v. Kemna, 523 U.S. 1 (1998), for a court to exercise habeas jurisdiction, the petitioner must demonstrate he was in custody at the time he filed the petition and that his release did not render the petition moot. Id., at 7. Since it is clear Petitioner was in custody at the time he filed this Petition, the only question is whether the Court is still faced with a case or controversy under Article III, § 2 of the Constitution now that he has been deported. Id. (internal quotations removed).

The substance of the petition challenges the length of Petitioner's detention, as established by Zadvydus, and alleged violations of his procedural and substantive rights to due process. These arguments do not, however, fall within the exception to the mootness doctrine articulated by the Supreme Court. See, e.g., Weinstein v. Bradford, 423 U.S. 147, 148-49(1975)(where appeal presents an issue capable of repetition but evading review). The Court held that an exception applies only where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Id. at 149.

Once Petitioner was released and deported to Haiti, he could no longer challenge his custody status under Zadvydus, or his rights to due process. Without a 'live' challenge to the Constitutionality of his continued detention, this Court could no longer grant his requested relief. See Carras v. Williams, 807 F.2d 1286, 1288 (6th Cir. 1986)(mootness results during pendency of litigation when events render court unable to grant requested relief).

## Conclusion

For the foregoing reasons, Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is granted, and this action is dismissed as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 3/23/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE